UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMAS ARQUIMEDES SUAREZ, et al., )<br>          )<br>          Plaintiffs,          )<br>     vs.          )<br>          )<br>NATIONPOINT A DIVISION OF          )<br>NATION, CITY BANK OF IN, et al.,     )<br>          )<br>          Defendants.          )<br>_____) | Case No.: 2:10-cv-00113-GMN-RJJ<br><br>**ORDER** |

Pending before this Court are Defendant First Franklin Financial Corporation's Motion to Lift Stay (ECF No. 30) and Motion to Dismiss (ECF No. 31). Also before the Court is Plaintiff Dimas Arquimedes Suarez's Motion for an Order to Show Cause (ECF No. 33). Responses have been filed to the Motion to Dismiss (*see* ECF No. 35) and the Motion for an Order to Show Cause (*see* ECF No. 34). No Response has been filed to the Motion to Lift Stay.

On December 8, 2010, Defendant First Franklin Corporation ("Defendant") informed the Court that the parties will be participating in the State of Nevada Foreclosure Mediation Program on December 10, 2010 at 2 p.m. (ECF No. 39-1.) This Order resolves the Motions currently before the Court in order to aid the parties in preparing for tomorrow's mediation.

**I.     BACKGROUND**

This case arises out of foreclosure proceedings enacted by Defendant against Plaintiffs' residence. On January 5, 2010, Plaintiffs Dimas Arquimedes Suarez and Tara Marie Suarez filed a Complaint in Clark County District Court, alleging civil

racketeering and violations of the Federal Truth in Lending Act and the Federal Real Estate Settlement Procedures Act.  On January 26, 2010, Defendant removed this action to the United States District Court for the District of Nevada, and, on the next day, filed a Motion to Dismiss.  District Judge Robert C. Jones--the judge to whom this case was initially assigned--held a hearing on the Motion to Dismiss on May 10, 2010, at which he denied the Motion without prejudice and orally ordered that the lawsuit be stayed for ninety (90) days so that the parties could attend mediation and attempt to resolve their differences extra-judicially.  Defendant was ordered to engage in mediation with Plaintiffs within those ninety (90) days; to participate in those proceedings in good faith; and to send someone with binding authority.  In order for this stay to remain in effect, Plaintiffs were ordered to pay Defendant $1,800.00 every thirty (30) days, beginning on May 25, 2010.

On May 19, 2010, at the request of Judge Jones, Defendant submitted a proposed written order to the Court (ECF No. 26), in which Defendant attempted to capture Judge Jones' May 10, 2010 oral order in writing.  However, Defendant's proposed order misstated the duration of the stay, indicating "[t]his matter is hereby stayed for *no less than* ninety (90) days . . . " (Proposed Order 2 ¶2, ECF No. 26) (emphasis added), as opposed to the pure ninety (90) day stay Judge Jones had orally ordered.  Nonetheless, Judge Jones signed the proposed order on June 11, 2010. (ECF No. 28.)  The case was reassigned to this Court on July 21, 2010.

**II.     DISCUSSION**

**A.     Motion to Lift Stay**

Defendant filed this Motion to Lift Stay on September 1, 2010 after Plaintiffs allegedly failed to pay Defendant $1,800 on August 25, 2010.  Plaintiffs have not filed a Response to this Motion, so it may be granted under Local Rule of Civil Practice 7-2(d),

which stipulates that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).

The stay may also be lifted under both the oral and written terms of Judge Jones' order initiating the stay.  If the parties were governed by Judge Jones' oral order from May 10, 2010, the ninety (90) day time period which began on May 10, 2010, has long since elapsed, so the stay has expired, as well.  It the parties were governed by the more open-ended timeframe contained in the written order, then Plaintiffs' failure to pay $1,800 installments in August, September, and October would have been a material violation of the terms of the stay, and the stay could be lifted.

Accordingly, Defendant's Motion to Lift Stay (ECF No. 30) is GRANTED. However, this Court still orders that all parties attend the mediation tomorrow, December 10, 2010, and act in good faith during its proceedings.  If necessary to resolve the case, this Court will entertain a request for an additional stay.

### B. Renewed Motion to Dismiss

On May 10, 2010, Judge Jones denied Defendant's Motion to Dismiss without prejudice because he wanted to give the parties an opportunity to engage in mediation prior to ruling on the Motion.  Because the parties have not yet engaged in mediation, the Court finds this Motion to Dismiss (ECF No. 31) to be similarly premature.  Thus, Defendant's Motion to Dismiss (ECF No. 31) is DENIED without prejudice.  Should the mediation not resolve this lawsuit, Defendant may re-file this Motion.

### C. Motion for an Order to Show Cause

On September 3, 2010, Plaintiff Dimas Arquimedes Suarez filed a Motion for an Order to Show Cause (ECF No 33) in which he requested that this Court order Defendant to appear and show cause why it should not be adjudicated guilty of contempt of court for

failing to submit to mediation with Plaintiffs in a timely manner.  However, because mediation has been scheduled for tomorrow, December 10, 2010, the Court finds this Motion to now be moot and DENIES the Motion without prejudice.  If Defendant fails to appear at tomorrow's mediation, or participate in good faith, Plaintiffs may file an updated version of this Motion.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Lift Stay (ECF No. 30) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF No. 31) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for an Order to Show Cause (ECF No. 33) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant must provide Plaintiffs with a copy of this Order when they meet for mediation on Friday, December 10, 2010.

DATED this 9th day of December, 2010.

_____
Gloria M. Navarro
United States District Judge