UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DIMAS ARQUIMEDES SUAREZ, et al., )
                     Plaintiffs, )
  vs. )   Case No.: 2:10-cv-00113-GMN-RJJ
NATIONPOINT A DIVISION OF )   **ORDER**
NATION, CITY BANK OF IN, et al., )
                     Defendants. )

Pending before this Court is Defendant NationPoint's Motion to Dismiss (ECF No. 43). Plaintiffs filed a Response (ECF No. 45), to which Defendant filed a Reply (ECF No. 46). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 43) will be GRANTED. Plaintiffs' cause of action premised on violations of Nev. Rev. Stat. § 107.080 will be DISMISSED without leave to amend, and their TILA, RESPA, and RICO causes of action will be DISMISSED with leave to amend.

**I.    BACKGROUND**

This case arises out of foreclosure proceedings that have been initiated against Plaintiffs' residence. Although Plaintiffs, who are self-represented, admit that they defaulted on their home loan, (*see* Resp. 5:14-15, ECF No. 45), they filed a Complaint against NationPoint and Cal-Western Reconveyance, listing Declaratory Relief, Injunctive Relief, Accounting, Judicial Review, and Other Relief as their "causes of action." Defendant Cal-Western Reconveyance has not appeared in this lawsuit, nor is there any evidence in the record suggesting that it has been properly served with process.

Defendant NationPoint now seeks dismissal of Plaintiffs' Complaint, contending that it

fails to state any substantive claims upon which relief can be granted.

## II.     MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

/ / /

### III. DISCUSSION

Construing Plaintiffs' Complaint liberally, the only substantive causes of action Plaintiffs attempt to plead are: violations of Nev. Rev. Stat. § 107.080, TILA, and RESPA, as well as civil racketeering. Plaintiffs fail to state a legally cognizable claim under any theory.

### A. Violations of Nev. Rev. Stat. § 107.080

Plaintiffs appear to be alleging that the foreclosure proceedings were statutorily improper for two reasons. First, Plaintiffs contend that Defendants failed to wait three months after recording the Notice of Default before recording the Notice of Trustee's Sale. (Compl. ¶ 15.) Second, Plaintiffs appear to be arguing that they are not in default and that the foreclosure proceedings are therefore inappropriate. (Compl. ¶ 16.)

Plaintiffs' first argument is defeated by the judicially noticeable Notice of Default and Notice of Trustee's Sale that are attached to Defendant's Motion to Dismiss and are not contested by Plaintiffs. (*See* Exs. C & D, Mot., ECF No. 43.) The Notice of Default was recorded in November of 2007, whereas the Notice of Trustee's Sale was not recorded until December of 2009. Therefore, there were far more than ninety days between the recording of the two Notices.

Plaintiffs' second argument is defeated by their own pleadings. Although Plaintiffs initially allege that "the Plaintiff [sic] is not in default under the terms of the promissory note and deed of trust" (Compl. ¶ 16), Plaintiffs later admit that they are in default but that they dispute the exact amount they owe, writing "there exists an actual controversy between Plaintiff and Defendant NaitonPoint [sic] regarding their respective rights, duties and obligations related to the pending nonjudicial foreclosure sale in that Defendant Nation Point contends that $355,344.99 is owed, whereas Plaintiff contends that the approximate sum of $277,000 is owed," (Compl. ¶ 16). Plaintiffs also admit default in their Response to the Motion to Dismiss, explaining that: "If Nation Point would have keep [sic] to their

commitments the Suarez would not be in default on the note." (Resp. 5:14-15, ECF No. 45.) Accordingly, Plaintiffs' cause of action for Violations of Nev. Rev. Stat. § 107.080 will be dismissed. Because amendment would be futile as to both of Plaintiffs' arguments under this statute, leave to amend will not be granted.

### B. TILA, RESPA, and RICO Causes of Action

Under their "Other Relief" cause of action, Plaintiffs request "an Order staying the foreclosure sale in this case pending the full determination of [Plaintiffs'] Federal action for Violations of the Federal Truth-in-Lending Act, the Federal Real Estate Settlement Procedures Act, Civil RICO under the Nevada RICO statute, and for other relief." (Compl. ¶ 46.) However, Plaintiffs fail to plead facts giving rise to any of these claims. Because conclusory allegations of entitlement to relief do not fulfill the Rule 8(a) pleading standard, *see Iqbal*, 129 S. Ct. at 1949, these causes of action will be dismissed, though Plaintiffs will be given leave to amend them.

### C. Additional Requests by Plaintiffs

Because Plaintiffs have failed to state any cognizable legal claims, their requests for declaratory relief, injunctive relief, and an accounting cannot be granted. Further, an accounting is only appropriate if a plaintiff can establish the existence of "a relationship of special trust between the plaintiff and defendant," *Anderson v. Deutsche Bank National Trust Co.*, No. 2:10-cv-01443-JCM-PAL, 2010 WL 4386958, at *4 (D. Nev. Oct. 29, 2010). Plaintiffs have not set forth sufficient facts to establish such a relationship here.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 43) is **GRANTED**. Plaintiffs' cause of action premised on violations of Nev. Rev. Stat. § 107.080 is **DISMISSED without leave to amend**, and their TILA, RESPA, and RICO causes of action are **DISMISSED with leave to amend**. Plaintiffs may file an Amended Complaint correcting

the deficiencies in their current Complaint **by August 18, 2011**.  Failure to file an Amended Complaint by that date will result in the dismissal of this lawsuit with prejudice.

DATED this 2nd day of August, 2011.

_____
Gloria M. Navarro
United States District Judge